### E. R. WALKER
#### v.
### ABRAHAM BERNSTEIN.

*Replevin—Evidence—Identity of Goods—Value of, Expert Testimony—Instructions—Immaterial Error.*

It was not error in the case presented for the court to allow certain witnesses, who were shown to have had experience in dealing in second-hand furniture, to give an opinion as to the value of such goods without having seen them, upon the assumption that they had been truly described as to their general condition and appearance by other witnesses. The objection to such testimony goes to its weight and not to its competence.

Walker v. Bernstein.

[Opinion filed January 14, 1892.]

Appeal from the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding.

Mr. John C. Scovel, for appellant.

Messrs. Blum & Blum, for appellee.

Moran, J.  This was an action of replevin, with a count in trover for value of goods not recovered on the trial.  The evidence tended to show that appellant took the goods that appellee had sold to one Lizzie Williams, and on which he held a mortgage for the purchase money.  Appellant claimed and introduced evidence tending to show that the goods he took were not those sold by appellee, but were goods which were mortgaged to appellant by mortgages made before the sale of any goods from appellee to said Lizzie Williams.  The question as to the identity of the goods was left to the jury under proper instructions and their verdict settled that issue.

It is contended that the verdict is excessive.  There was very conflicting evidence as to the value of the goods when taken, and it was a question for the jury to determine from the evidence as best they could what the value of the goods was.

It is contended that the court admitted improper evidence on the question of value.  The court allowed certain witnesses who were shown to have experience in dealing in second-hand furniture and household goods to give an opinion as to the value of the goods without having seen them, upon the assumption that they were truly described as to their general condition and appearance by others of appellee's witnesses.  This was competent.  Of course, such evidence may not be as satisfactory or convincing as to the value as that of valuers who had seen the goods, but the objection is to the weight of such evidence and not to its competence.  It is quite usual to admit the evidence of experts in values on a hypothetical assumption as to the age, condition of repair, etc., of the articles.

It is very clear that if the jury in this case found that the description of the furniture in question given by appellant's witnesses was the correct one, they could not have allowed so large a value for it. They must have believed appellee's evidence as to the number and quality of the articles, and their general condition, and rejected appellant's description. This they were at liberty to do, and they were manifestly the most competent tribunal to decide which was the correct estimate from all the testimony before them. We are unable to say that the verdict as to the value of the goods is not fairly supported by the evidence, and we are clear that there was no error in the admission of the evidence objected to.

The fifth instruction given for appellee is objected to because it told the jury to take the testimony of Lizzie Williams as to the amount due on the mortgage that appellant held and under which he claimed the goods. This instruction should not have been given, but the error in giving did not affect appellant. The contest was over the identity of the goods. Each party claimed that the goods taken were the goods covered by his mortgage, and neither claimed any right in the goods in fact covered by the other's mortgage. The question was whether the goods appellant seized and took away were the ones described and covered by his mortgage, and not what was due upon his mortgage, and so the court told the jury in appellant's first instruction that it was not material in the case for him to prove that any sum was due under his mortgage, "as it is not claimed in this case by the plaintiff that he had any lien upon the property named in said mortgage." The instruction complained of, therefore, had no influence upon the result, and the error in giving it does not compel a reversal.

There is no error in the record available to appellant and the judgment will therefore be affirmed.

*Judgment affirmed.*